RECEIVED
JUL 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Franklin Schneider
Mabel A Schneider
PO Box 384
19335 RD T5
Paradox CO 81429
970-859-7250

Case No. 1:07-cv-00806 HHK

Jury Trial Demanded

Plaintiff(s),

v.

United States Government

Defendant.



**AMENDED VERIFIED COMPLAINT, PETITION, AND CLAIM
FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,**

I
INTRODUCTION

COME(S) NOW Franklin Schneider Mabel A Schneider, and for cause(s) of action, aver(s):

I.  **PARTIES**

   A.   Plaintiff(s), is/are (a) Citizen(s) of Colorado.

   B.   Defendant is the UNITED STATES OF AMERICA.

II. **JURISDICTION**

   A.   This Court has jurisdiction pursuant to:

   1.   Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

as amended;

## III.   VENUE

A.   Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, <u>61 Stat. 643</u>, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.   "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV EXHAUSTION REQUIREMENT

There is no statutory requirement for plaintiff to exhaust all administrative remedies prior to bringing suit under 26 U.S.C. §7433.

## V.   ALLEGATIONS[1]

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. Plaintiff(s) believe(s) that notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to support a 7433 claim.

---

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

COUNT 1

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to provide plaintiff upon request copies of all assessment records for each and every year beginning with 1999-2000 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6303, with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, within sixty (60) days after the alleged making of an assessment of a tax pursuant to section 6203, failed to give notice that plaintiff(s) were liable for the unpaid tax, stating the amount and demanding payment thereof. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue section 6304, with the intent to defeat the application thereof, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff(s). Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation;

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6314, with intent to defeat the application thereof, defendant through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury. Defendant has refused to provide plaintiff(s), with receipts for all sums collected;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, on or about April 16, 2004, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Motrrose, County, State of Colorado (an) unlawful Notice(s)

of Tax Lien(s).

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, in connection with the aforementioned Notice(s) of Federal Tax Lien(s) wrongfully disclosed, through the public record, tax return information, such as name, address, city, state, social security number, amount of assessment, etc.;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, through the aforementioned wrongful disclosure has subjected plaintiff(s) to the real possibility of identity theft;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years identified in the aforementioned Notice(s) of Federal Tax Lien(s);

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing the aforementioned notice(s) of lien(s) and/or levy(s) and/or other agency action for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s); ;

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 12

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing the aforementioned Notice(s) of Federal Tax Lien(s)/Levy(s) and/or other agency action for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1999-2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1999-2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Colorado for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s); .

## IV

## REMEDY SOUGHT

1. Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard or in the alternative one and one half times the statutory allowance as determined by the court; and,

2. such other and further damages as the court deems just and proper.

Dated: _14 July_, 2007

_Franklin Schneider_ (signature)
Franklin Schneider

_Mabel A Schneider_ (signature)
Mabel A Schneider

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Colorado, personally appeared, Franklin Schneider, Mabel A Schneider known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_(signature)_
Notary, State of Colorado
David L. Woodward
1353 Grand Ave.
Grand Junction, CO 81501
My Commission Expires
7/17/2010

Mesa County, Colorado