## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANKLIN SCHNEIDER, et al.,    )
                                       )
            Plaintiffs,         )        No. 1:07-cv-00805 (HHK)
                                       )
        v.                   )
                                       )
UNITED STATES,                )
                                       )
           Defendant.

## DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, moves pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss plaintiffs' complaint. As grounds for this motion, the defendant asserts that this Court lacks subject-matter jurisdiction over plaintiffs' unauthorized collection claim to the extent plaintiffs' complaint appears to be challenging the underlying tax liability rather than any unauthorized collection. Specifically, counts 1, 4, 6, 7, and 13 should be dismissed as they are not related to any unauthorized collection activities. The United States has not waived its sovereign immunity over such damage claims. Further, as to the remaining counts (2, 3, 5, 8, 9, 10, 11, 12, and 14), plaintiffs have failed to state an unauthorized collection claim.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATED: October 22, 2007.                    Respectfully submitted,

                                            /s/ Beatriz T. Saiz
                                            BEATRIZ T. SAIZ
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Ben Franklin Station
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6585/514-6866
                                            Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FRANKLIN SCHNEIDER, et al.,    )
                          )
         Plaintiffs,      )     No. 1:07-cv-00805 (HHK)
                          )
        v.             )
                          )
UNITED STATES,          )
                          )
         Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiffs seek damages for alleged unauthorized collection activities. For the reasons set forth below, the Court cannot grant the requested relief.

**QUESTION PRESENTED**

Plaintiffs seek damages under 26 U.S.C. § 7433, which provides for damages for unauthorized collection activities. However, plaintiffs seek, in part, damages related to challenges of the underlying tax liability. For the remaining counts of the complaint, plaintiffs make generalized allegations without factual support. Should the Court dismiss plaintiffs' complaint for lack of jurisdiction with regard to the counts pertaining to challenges of the underlying tax liability and for failure to state a claim upon which relief can be granted for the remaining counts?

**STATEMENT**

The complaint seeks damages under 26 U.S.C. § 7433.  (Compl., Remedy Sought, at 11.)  Plaintiffs have organized their complaint into purported "counts" of alleged wrongdoing by the Internal Revenue Service.  In each count, plaintiffs make no factual allegations, but merely restate the statutory language and assert that the Internal Revenue Service failed to implement the statutes and regulations.1/

**ARGUMENT**

THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER DAMAGES CLAIM

Plaintiffs purport to state a claim for damages against the United States (Compl. Remedy Sought).  This Court does not have jurisdiction over counts 1, 4, 6, 7, and 13 of plaintiffs' section 7433 claim because those counts of the complaint are merely an improper attempt to challenge the underlying tax liability.

Section 7433 authorizes damages for wrongful *collection* activities only.  See, e.g., Buaiz v. United States, 471 F. Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute

---

1/ Plaintiffs allege that the Internal Revenue Service: disregarded certain record-keeping and procedural requirements (counts 1, 3); failed to send required notices (counts 2, 8, 11); failed to provide receipts (count 4);  failed to comply with section 6304 which prohibits harassing taxpayers (count 3); disregarded disclosure requirements (counts 6, 7); failed to provide a due process hearing (counts 9, 10); failing to provide a mediation (counts 12); and improperly asserted tax liens (counts 5, 12, 14).

collection activity for purposes of Section 7433); <u>Sylvester v. United States</u>, 978 F. Supp.

1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability

was an error in assessment and not collection and therefore irrelevant to Section 7433

claim); <u>Zolman v. IRS</u>, 87 F. Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper

assessment of tax liability, without more, is insufficient for Section 7433 claim).  All

allegations in plaintiffs' complaint which involve *non-collection* activities are not

cognizant under section 7433, and must be dismissed.

### THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM FOR DAMAGES FOR FAILURE TO STATE A CLAIM.

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433.  (Compl.,

Remedy Sought, at 11.)  Plaintiffs' complaint is legally insufficient because it fails to

provide the necessary factual detail to state a claim, and should be dismissed under

Fed. R. Civ. P. 12(b)(6).  A complaint need only set forth a "short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The

complaint must give "fair notice of the basis for . . . claims and the grounds upon which

they rest." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 507 (2002).  Plaintiffs' complaint,

however, merely restates the statutory language and alleges no facts to support a claim

for damages.  Since plaintiffs' compliant fails to provide either notice of the basis of

their claims or the grounds upon which they rest, this court should conclude that

plaintiffs have not, in fact or law, stated a claim.  <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>,

127 S. Ct. 1955, 1964-65 (2007).

Plaintiffs allege nine counts that relate to collection activities, counts 2, 3, 5, 8, 9,

-3-

10, 11, 12, and 14.  These nine counts allege that the Internal Revenue Service: 1) failed to send plaintiff the notice and demand letters (counts 2, 8, 11); 2) failed to notify them of their right to a collection due process hearing (count 9); 3) engaged in harassing conduct (count 3); 4) failed to hold a collection due process hearing (count 10); 5) failed to hold mediation (count 12); and 6) asserted a lien in violation of the Uniform Federal Tax Registration Act (count 14).  Plaintiffs' allegations, each of which is discussed below, have no factual support whatsoever which set forth the basis of their claim. Thus, these allegations fail to state a claim.

First, plaintiffs allege that the Internal Revenue Service issued a notice of levy without first properly notifying the plaintiffs. (counts 2, 8, 11).  The Internal Revenue Service must give a taxpayer a notice and demand for payment at least 30 days before it can levy.  26 U.S.C. § 6331(d)(2).  Plaintiffs have provided no basis for their allegations and have provided no information from which this Court can conclude that they are entitled to relief.

Second, plaintiffs allege that the Internal Revenue Service failed to give them notice of a right to a due process hearing (count 9).  Section 6330(a) provides for a 30-day notice of the right to a hearing before levy.  Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of his right to a hearing . . . not less than 30 days before the day of the first levy."  26 U.S.C. § 6330(a).

Here, plaintiffs have not alleged sufficient facts to determine whether they are

-4-

entitled to relief under section 6330.

Third, plaintiffs allege that the Internal Revenue Service engaged in harassing conduct (count 3). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiffs merely recite the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

Fourth, plaintiffs allege that the Internal Revenue Service failed to hold a hearing pursuant to section 6330 of the Internal Revenue Code, and that the Internal Revenue Service failed to provide plaintiffs with mediation prior to issuing the notices of levies or the notices of Federal tax liens (counts 10, 12). Section 6330(a) provides for a 30-day notice of the right to a hearing before levy. Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of his right to a hearing . . . not less than 30 days before the day of the first levy." 26 U.S.C. § 6330(a).

Here, plaintiffs have not alleged sufficient facts to determine whether they are entitled to relief under section 6330. Further, plaintiffs have not established that they have any right to mediation and that a failure to provide any mediation is actionable under section 7433.

Finally, plaintiffs allege that the Internal Revenue Service recorded its lien in

violation of the Uniform Tax Lien Registration Act as incorporated by the State of Louisiana (count 14).  Section § 6323(f) sets forth the requirements for filing a notice of Federal tax lien, which does not require any type of certification.  "It is well settled that the form and content of a notice of federal tax lien are controlled by federal, not state, law." <u>Spahr v. United States</u>,  –- F. Supp.2d–-, 2007 WL 2332313 *4 (D.D.C. Aug. 17, 2007) (citations omitted).   Federal law requires that a notice of tax lien against property be filed "in the office with the State . . . as designated by the laws of such State, in which the property subject to the lien is situated."  26 U.S.C. § 6323(f)(1).   The notice of Federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien."  26 C.F.R. § 301.6323(f)-1(d)(1).  The Form 668 must identify the taxpayer, the tax liability, and the date of the assessment.  <u>Id</u>. at § 301.6323(f)-1(d)(2). Here, plaintiffs have not alleged sufficient facts to determine whether the notice of Federal tax lien was improperly filed.

Based on the discussion above, plaintiffs' allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit.  In none of the allegations has the plaintiffs provided any information whatsoever to demonstrate their right to relief.  Accordingly, they have failed to state a claim, and this Court should dismiss their complaint. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. at 1964-65.

CONCLUSION

Plaintiffs' claims which do not allege collection activities must be dismissed for lack of jurisdiction.  The remaining allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiffs are entitled to relief under section 7433.  Thus, these claims must be dismissed for failure to state a claim for which relief can be granted.

DATED: October 22, 2007.                    Respectfully submitted,

                                            /s/ Beatriz T. Saiz
                                            BEATRIZ T. SAIZ
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Ben Franklin Station
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6585/514-6866
                                            Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

-7-

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANKLIN SCHNEIDER, et al.,     )
                         )
        Plaintiffs,       )     No. 1:07-cv-00805 (HHK)
                         )
       v.                )
                         )
UNITED STATES,          )
                         )
        Defendant.

## <u>ORDER</u>

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED;  and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this _____ day of _____ 2007.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

FRANKLIN SCHNEIDER
MABEL SCHNEIDER
19335 Road T=5
Paradox, Colorado 81429

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FRANKLIN SCHNEIDER, et al.,              )
                                         )
                Plaintiffs,              )        No. 1:07-cv-00805 (HHK)
                                         )
        v.                               )
                                         )
UNITED STATES,                           )
                                         )
                Defendant.               )

## <u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing MOTION TO DISMISS, supporting

MEMORANDUM, and proposed ORDER were served upon the following

individual(s) on October 22, 2007, by sending a copy by First Class mail, postage

prepaid, addressed as follows:

> Franklin Schneider
> Mabel Schneider
> 19335 Road T=5
> Paradox, Colorado 81429

                        /s/ Beatriz T. Saiz
                        BEATRIZ T. SAIZ